**GES, INC., a Nevada corporation; Ges Exposition Services, Inc., a Nevada corporation, Plaintiffs—Appellants,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant—Appellee.**

No. 02–15433.

D.C. No. CV–99–00593–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2003.

Decided May 19, 2003.

Before B. FLETCHER, KOZINSKI and TROTT, Circuit Judges.

**MEMORANDUM**[*]

GES's claims (and would-be claims) are barred by res judicata. The entire point of the prior action was to determine fault for Corbitt's injury. The jury specifically allocated blame based on its determination (a factual matter) of fault. Therefore, the issue was identical to the issue here; the

ruling was on the merits and final; and the parties were exactly the same. GES can't now undermine that factual finding with a new action claiming the jury got the division wrong. *See Executive Mgmt., Ltd. v. Ticor Title Ins. Co.,* 114 Nev. 823, 835, 838, 963 P.2d 465 (1998); *cf.* Nev.Rev.Stat. 17.225(2) ("The right of contribution exists only in favor of a tortfeasor who has paid more than his equitable share of the common liability, and his total recovery is limited to the amount paid by him in excess of his equitable share."). GES paid only its fair share, as determined by the jury, and its claims are thus precluded.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.